IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-00896-BNB

DON LEE MARTIN,

    Plaintiff,

v.

COLORADO DEPARTMENT OF CORRECTIONS,
ARISTEDES W. ZAVARAS,
BACKGATE SGT. FREED[,] Fremont Correctional, and
TRANSPORT OFFICERS[,] Fremont Correctional,

    Defendants.

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUN - 1 2007

GREGORY C. LANGHAM
           CLERK

---

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

Plaintiff, Don Lee Martin, is a prisoner in the custody of the Colorado Department of Corrections (DOC) who currently is incarcerated at the Huerfano County Correctional Center in Walsenburg, Colorado. He submitted to the Court *pro se* a civil rights complaint pursuant to 42 U.S.C. § 1983 (2006) and 28 U.S.C. § 1343 (1993) for unspecified money damages and unspecified declaratory and injunctive relief. Mr. Martin has been granted leave to proceed pursuant to the federal *in forma pauperis* statute, 28 U.S.C. § 1915 (2006), without payment of an initial partial filing fee.

The Court must construe the complaint liberally because Mr. Martin is representing himself. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be the *pro se* litigant's advocate. *Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Martin will be ordered to file an amended complaint.

The Court has reviewed the complaint and has determined that the complaint is deficient because it fails to comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) provides that a complaint "shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks." The philosophy of Rule 8(a) is reinforced by Rule 8(e)(1), which provides that "[e]ach averment of a pleading shall be simple, concise, and direct." Taken together, Rules 8(a) and (e)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

Mr. Martin's complaint is vague. The complaint does not specify the relief he seeks. *See* Fed. R. Civ. P. 8(a)(3). The complaint also does not include a short and plain statement of Mr. Martin's claims showing that he is entitled to relief in this action. *See* Fed. R. Civ. P. 8(a)(2). The gist of Mr. Martin's complaint is simple. He alleges

that on August 10, 2006, he was scheduled to be transported to Pueblo, Colorado, for a colon and prostate scan. He asserts that one of the two unnamed transport officers named as defendants placed him in handcuffs and "black box hands askew." **See** complaint at C. Nature of the Case. The Court is confused as to the meaning of "black box hands askew." In any case, Mr. Martin alleges that, as a result of how he was handcuffed, he was unable to use his cane in order to board the transport van. He contends that the second transport officer boosted him into the rear of the transport van, causing him to hit his head on the ceiling of the van and be injured.

He further contends that, as a result of the injury, he was bleeding profusely, ordered to return to the back gate shack, and then ordered by the defendant Sargent Freed to use the rest room to clean the blood off himself. He also alleges that he was ordered to change from his blood-splattered orange jump suit into a green DOC uniform and to walk by himself to the medical department, still holding a cloth bandage to the wounded area and still bleeding profusely. He asserts that upon his arrival at the medical department, a physician's assistant, who is not a named defendant, applied ten staples to the wounded area using local anesthesia only. On the basis of these allegations, he argues that the defendants were deliberately indifferent to his serious medical needs.

Mr. Martin apparently expects the Court to piece together his allegations and to speculate who is being sued for what and how his constitutional rights have been violated. That is not the Court's job. It is Mr. Martin's responsibility to edit and organize his claims and supporting allegations into a manageable format. Neither the defendants nor the Court is required to do this work for him. Mr. Martin must allege,

simply and concisely, his specific claims for relief, including the specific rights that allegedly have been violated and the specific acts of each defendant that allegedly violated his rights, as well as the specific relief he seeks.

In addition, Mr. Martin is suing an improper defendant. Mr. Martin may not sue the DOC for money damages. The State of Colorado and its entities are protected by Eleventh Amendment immunity. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989); *Meade v. Grubbs*, 841 F.2d 1512, 1525-26 (10th Cir. 1988). "It is well established that absent an unmistakable waiver by the state of its Eleventh Amendment immunity, or an unmistakable abrogation of such immunity by Congress, the amendment provides absolute immunity from suit in federal courts for states and their agencies." *Ramirez v. Oklahoma Dep't of Mental Health*, 41 F.3d 584, 588 (10th Cir. 1994). The State of Colorado has not waived its Eleventh Amendment immunity, *see Griess v. Colorado*, 841 F.2d 1042, 1044-45 (10th Cir. 1988), and congressional enactment of 42 U.S.C. § 1983 did not abrogate Eleventh Amendment immunity, *see Quern v. Jordan*, 440 U.S. 332, 340-345 (1979). The Eleventh Amendment applies to all suits against the state and its agencies, regardless of the relief sought. *See Higganbotham v. Okla. Transp. Com'n*, 328 F.3d 638, 644 (10th Cir. 2003).

To the extent he is seeking money damages, Mr. Martin must sue instead the defendants who personally participated in the alleged violation of his constitutional rights concerning his medical care. Personal participation is an essential allegation in a civil rights action. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, Mr. Martin must show that each defendant caused

the deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). A defendant may not be held liable on a theory of respondeat superior merely because of his or her supervisory position. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983). Mr. Martin may use fictitious names, such as "John Doe" and "Jane Doe," if he does not know the real names of the individuals who allegedly violated his rights. However, if Mr. Martin uses fictitious names he must provide sufficient information about each defendant so that each defendant can be identified for purposes of service.

A decision to dismiss a complaint pursuant to Rule 8 is within the trial court's sound discretion. *See Atkins v. Northwest Airlines, Inc.*, 967 F.2d 1197, 1203 (8th Cir. 1992); *Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir. 1969). The Court finds that the complaint does not meet the requirements of Fed. R. Civ. P. 8 and that Mr. Martin should be given an opportunity to file an amended complaint. He will be directed to do so below.

Mr. Martin is advised that he must provide sufficient copies of the amended complaint to serve each named defendant. The Court will not make the copies necessary for service. Therefore, Mr. Martin should review his claims carefully to ensure that each named defendant personally participated in the asserted constitutional violations. Accordingly, it is

ORDERED that Plaintiff Don Lee Martin file **within thirty (30) days from the date of this order** an amended complaint that complies with the directives of this order. It is

FURTHER ORDERED that the amended complaint shall be titled "Amended Prisoner Complaint," and shall be filed with the Clerk of the Court for the United States District Court for the District of Colorado at the Alfred A. Arraj U.S. Courthouse, 901 Nineteenth Street, Room A-105, Denver, Colorado 80294-3589. It is

FURTHER ORDERED that the clerk of the Court mail to Mr. Martin, together with a copy of this order, two copies of the Court-approved, prisoner complaint form for use in submitting the amended complaint. It is

FURTHER ORDERED that Mr. Martin submit sufficient copies of the amended complaint to serve each named defendant. It is

FURTHER ORDERED that if Mr. Martin fails **within thirty days from the date of this order** to file an amended complaint that complies with this order to the Court's satisfaction, the complaint and the action will be dismissed without further notice.

DATED June 1, 2007, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 07-cv-00896-BNB

Don Lee Martin
Prisoner No. 113936
Huerfano County Corr. Center
304 Ray Sandoval Street
Walsenburg, CO 81089

    I hereby certify that I have mailed a copy of the **ORDER and two copies of Prisoner Complaint** to the above-named individuals on 6/1/07

GREGORY C. LANGHAM, CLERK

By: _____
            Deputy Clerk